UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRES NAVARRO,<br><br>   Petitioner,<br><br>   v.<br><br>R.T.C. GROUNDS, Warden,<br><br>   Respondent. | Case No.  5:14-cv-01336-EJD<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Petitioner Andres Navarro ("Navarro") was convicted by a California jury of first-degree murder in violation of California Penal Code § 187 and was sentenced to a custodial term of 50 years to life. Having exhausted his direct appellate remedies before the California state courts, he now petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent R.T.C. Grounds, Warden of the Salinas Valley State Prison (the "State"), moves to dismiss Navarro's petition as untimely. See Docket Item No. 18. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Because the court agrees that Navarro's petition was filed after expiration of the statute of limitations, the State's motion to dismiss will be granted for the reasons explained below.

**I.   BACKGROUND**

Deandre Sellers was shot and killed during an argument outside of a residence in Oakland, California, on March 30, 2008. He was pronounced dead at 12:44 a.m. Navarro, who flew to

1

Case No.: 5:14-cv-01336-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Seattle a few hours after the incident, was arrested on April 2, 2008, and an Information charging him Sellers' murder was filed in Alameda County Superior Court. The Information also alleged that Navarro had discharged a firearm during the commission of the offense in violation of California Penal Code § 12022.53.

Navarro was tried for the murder in 2009. The jury commenced deliberations on November 2, 2009, and retuned a guilty verdict on November 5, 2009. The jury also found the firearm allegation true. Navarro was thereafter sentenced on January 13, 2010, to 50 years to life in prison.

Navarro appealed, and the First District Court of Appeal affirmed the conviction on July 25, 2012. The California Supreme Court denied an ensuing Petition for Review on October 10, 2012.

On March 24, 2014, Navarro, proceeding without counsel, filed in this court a document entitled "Motion to Request Permission to Proceed with Delay Pettition (sic) for Writ of Habeas on the Ground of Equitable Tolling and Due Diligence." Navarro also filed three other documents that day, including a "Request for Extension" in which he sought an extension of time to file a habeas petition, a motion for the appointment of counsel, and a motion for leave to proceed in forma pauperis. In response to these filings, the Clerk issued a notice observing Navarro had not attached a complaint or petition to his pleadings and informing him that the case would be dismissed and closed if such a document was not filed within 28 days.

Having retained counsel, a habeas petition was deemed filed for Navarro on April 21, 2014. He then filed an amended petition on January 8, 2015, which the court subsequently permitted as Navarro's operative pleading. The court issued an order to show cause on the amended petition on March 25, 2015, and directed the parties to address timeliness issues within their briefing. The instant motion followed.

**II.   DISCUSSION**

The State argues Navarro's petition must be dismissed because it was filed outside of the statute of limitations applied to § 2254 petitions subsequent to the enactment of the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA").  See Smith v. Mahoney, 611 F.3d 978, 993 (9th Cir. 2010) ("AEDPA imposes a one year statute of limitations on habeas petitions from the date the state judgment became final, not including time for post-conviction review.").  The State is correct.

Habeas corpus petitions under § 2254 are subject to a one-year statute of limitations running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under the AEDPA amendments, "a judgment becomes 'final' in one of two ways - either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought."  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Even when a state judgment is at issue, the United States Supreme Court is included in the chain of courts capable of direct review.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

Here, Navarro appealed from his conviction and petitioned the California Supreme Court for review.  When the state's high court declined to take up his case on October 10, 2012, Navarro

3

Case No.: 5:14-cv-01336-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

had 90 days to petition the United States Supreme Court for certiorari. See Cal. R. Ct. 8.532(b)(2)(A) (stating the denial of a Petition for Review by the California Supreme Court is final on the date of filing); see also U.S. Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). He did not do so. Thus, his conviction became final for the purposes of § 2244(d)(1) on January 8, 2013. Based on that date, a timely habeas petition should have been filed within the next year, on or before January 8, 2014. Navarro's petition filed on April 24, 2014, is therefore untimely on its face.

Navarro does not dispute that timeline. See Am. Petition, Docket Item No. 16, at ¶ 3 ("Petitioner did not file his petition of writ of habeas corpus within a year and 90 days of the denial of his state appeal in the California Supreme Court. Instead, his petition was ultimately filed on April 21, 2014, more than three months past the deadline."). Nor does he present argument under another "trigger" provision of § 2244(d)(1). He seeks to avoid dismissal by invoking the doctrine of equitable tolling.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 560 U.S. 631, 634 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, the doctrine "is unavailable in most cases," is applied sparingly, and has been described as a "rarity." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Mirando v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted). A habeas petitioner "bears the burden of showing that equitable tolling is appropriate." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

Navarro contends his petition was delayed for two reasons. First, he states that he did not

completely understand a letter his appellate attorney sent to him after the California Supreme Court denied the Petition for Review. According to Navarro, because his education ended in the ninth grade, legal terms such as "CALJIC," "Penal Code," and "federal code" did not "make any sense" to him. He "understood maybe half the words in the letter," but did not "understand that there was a hard deadline for filing a petition for writ of habeas corpus in federal court."

Second, Navarro believes the "nature of prison" contributed to the delay. He states that during the limitations period, "there were violent conflicts between gangs of different races, which resulted in lockdowns." These lockdowns resulted in limited access to the yard and the law library and made it difficult for Navarro "to focus on anything besides survival."

While not insensitive to Navarro's situation, the court cannot find he has described an extraordinary circumstance sufficient to justify the application of equitable tolling. As to Navarro's limited education and misapprehension of the seemingly correct information in his attorney's letter, the court observes that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see Abel v. Dir., Cal. Dep't of Corr., No. C 10-05276 RS, 2013 U.S. Dist. LEXIS 43819, at *24 (N.D. Cal. Mar. 27, 2013) ("[N]umerous courts have specifically held that education ending in the ninth grade is not an extraordinary circumstance."). This is because a petitioner's misunderstanding of accurate information is not necessarily something beyond the petitioner's control. See Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009); see also Waldron-Ramsey, 556 F.3d at 1011. "[T]his standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." Id.

The same is true of the adverse prison conditions. "Ordinary prison limitations," such as incomplete access to the law library or copy machine (as opposed to a complete denial of access to a petitioner's legal papers), are not the type of extraordinary circumstances that excuse the late filing of a habeas petition. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Such limitations are merely unfortunate, yet common, examples of "the vicissitudes of prison life." Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010).

1   Nor has Navarro demonstrated diligence. To satisfy that element, "the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available." Bills v. Clark, 628 F.3d 1092, 1101 (9th Cir. 2010). The availability of assistance from prison staff or other inmates are important considerations to the analysis. Id. Navarro's filings make plain that he did not advantage of himself of all resources available to him. Despite knowing that he did not fully understand his attorney's letter, he did not seek assistance from either his roommate, who apparently worked at the law library, or anyone else, including his mother, who ultimately hired an attorney to represent Navarro in this case. In addition, the prison's Modified Plan of Operation dated July 21, 2011, which Navarro included with the documents submitted on March 24, 2014, indicates that law library access was reserved first for users with court deadlines and second for general users. To the extent library access remained limited in this way throughout the limitations period, Navarro has not shown what efforts he made to use the library during that time.

Similarly, Navarro's "immediate" initiation of this case after realizing he had missed the filing deadline is not the type of diligence with which equitable tolling is concerned. The diligence inquiry is limited to efforts made at the time such efforts were thwarted by some extraordinary circumstance. See Gibbs v. LeGrand, 767 F.3d 879, 892 (9th Cir. 2015). While he may have acted quickly once he learned the statute of limitations had expired, Navarro did not adequately explain the actions he took to advance his habeas claims during the limitations period despite the challenges he faced.

In sum, Navarro has not met his burden to demonstrate a basis for the tolling of §2244(d)(1)'s statute of limitations. Without relief under that doctrine, the court must conclude that the petition filed on April 21, 2014, was three months late. On that basis, the State's motion to dismiss must be granted.

**III.   ORDER**

Based on the foregoing, the State's motion to dismiss (Docket Item No. 18) is GRANTED. Navarro's petition is DISMISSED WITH PREJUDICE because it was filed after expiration of the statute of limitations.

1  Judgment will be entered in favor of the State and the Clerk shall close this file.

3  **IT IS SO ORDERED.**

4  Dated: August 28, 2015



EDWARD J. DAVILA
United States District Judge

7

Case No.: 5:14-cv-01336-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS